PATTERSON, Judge.
M.W.B. appeals from an order transferring him from the juvenile court to the circuit court to be tried as an adult on three counts of vehicular homicide.
The attorney general asks that we remand this case for the circuit court to enter a written transfer order. The prosecutor’s motion to transfer M.W.B. to the circuit court to be tried as an adult was first heard in the juvenile court. That court granted the state’s motion, and M.W.B. appealed that ruling to the circuit court pursuant to Rule 28(B), Ala.R.Juv.Proc. As both parties recognize, Rule 28(B) requires that an appeal of the final order of the juvenile court to the circuit court is for a trial de novo.
Section 12-15-34©,-Ala. Code 1975, states, ‘When a person is transferred for criminal prosecution, the court shall set forth in writing its reasons for granting the motion, which shall include a finding of probable cause for believing that the allegations are true and correct.” Section 12-15-34(d) lists six factors a court must consider in determi-nating whether to transfer a juvenile. The Alabama Supreme Court held in Reeves v. State, 419 So.2d 217, 218 (Ala.1982), that § 12-15-34(d) “compels consideration of each of the six factors and that the transfer order reflect consideration thereof.” The court reaffirmed that holding in Ex parte S.B., 650 So.2d 953 (Ala.1994).
The record contains the necessary order issued by the juvenile court judge. However, because the proceeding in the circuit court is de novo, the circuit court could not. simply “uphold the transfer” and affirm the judgment of the juvenile court, as it did. Hearing the case de novo, the circuit court was also bound to follow § 12-15-34(d) and (f). See McKinney v. State, 404 So.2d 639 (Ala.1981). Pursuant to' this authority, we remand this case for the circuit court for that court to issue a written order reflecting consideration of the six statutory factors. The circuit court is “to hold another evidentiary hearing in order for it to comply with § 12-15-34,” Stubbs v. State, 522 So.2d 9, 11 (Ala. Cr.App.1988), and “the corrected record must disclose that the transferring court, upon remand, did consider evidence of relevant factors not addressed in its former, incorrect or insufficient order,” id. See also Ex parte S.B., 650 So.2d at 957 (in finding that the transfer order did not reflect consideration of all of the factors noted in § 12-15-34, the court directed the juvenile court “to reconsider whether to transfer S.B. for trial as an adult, and, if it decides to do so, to enter a corrected transfer order in compliance with § 12-15-34”).
M.W.B. also contends that the evidence presented at the transfer hearing was insufficient to establish probable cause or the. need to transfer. The evidence at the hearing established the following facts:
At approximately 9:35 p.m. on December 18,1993, M.W.B. was driving a 1984 Corvette automobile that collided with another vehicle. As a result of this collusion, three people in the other vehicle were killed. M.W.B.’s vehicle was travelling north, and the other vehicle was travelling south. The point of impact occurred in the southbound lane in a curve. Tire marks at the scene showed that, before the collision, M.W.B.’s vehicle had run onto the shoulder of the road and then back onto the road where the tires left skid marks of 107 feet. The estimated speed of M.W.B.’s vehicle’s at the point where the skid marks began was 65 miles per hour. The speed limit was 55 miles per hour. The impact stopped the other vehicle’s forward momentum and pushed that vehicle totally off the road and onto the driver’s side. The point of impact on M.W.B.’s vehicle was on the passenger’s side, and the vehicle travelled 57 feet after impact.
The trooper who investigated the accident testified that about 10 p.m. on a Saturday evening about one week before the accident, he had stopped M.W.B. because he was driving his vehicle at a speed in excess of the posted speed limit; that he smelled an odor of alcohol about M.W.B., so he conducted a field sobriety test (consisting of an Alka-sensor test, portable breath test, and a horizontal gaze nystagmus test); that he did not *998 arrest M.W.B. for driving under the influence because it was his opinion that M.W.B. “was not impaired to the point”; and that he also did not give him a speeding ticket even though the vehicle was travelling at what he described as a “dangerous” and “high rate of speed,” but that he did give him a written and verbal warning because he thought “that a traffic citation was warranted.” The trooper further testified that, while he was conducting a driver’s license-equipment-sobriety check roadblock in the spring or summer following the accident, he saw M.W.B. in the back seat of a vehicle; that, when he stopped the vehicle the trooper found several cans of beer in zipper compartments in the back seat of that vehicle, that M.W.B. along with the other four or five occupants were arrested for illegal possession of prohibited beverage; that someone later claimed the beer; and that M.W.B. was not convicted as a result of this later incident.
There was also reference made to an incident in which M.W.B. was a passenger in a vehicle stopped by a deputy sheriff. Apparently the driver of the vehicle was arrested for driving under the influence; a case of beer was recovered from the vehicle; and M.W.B., according to his mother, had not been drinking.
The evidence at the transfer hearing also established that at the time of the hearing M.W.B. was 18 years old; that one to two hours after the accident, he was administered a blood alcohol test that registered zero; that, at the time of the accident, M.W.B. was a junior in high school, where he maintained a “C” average and was on the first string of the varsity football team; that he had had no previous contact with juvenile authorities; and that his school records for the 1993-94 and 1994-95 school years show that he was cited for talking in class, for missing a class, and for not doing a class assignment.[1]
The juvenile probation officer’s report reflected further that M.W.B. has no past record in juvenile court; that he has shown little emotion in public for the incident, although his mother claims that he has shown remorse at home; and that he appears to be of normal intelligence.
At this time, we decline to address the issue whether this evidence was sufficient to establish probable cause or the need to transfer. Because the objective of mandatory compliance with § 12-15-34(d) — which was not accomplished here — is to provide a “meaningful review;” Stubbs v. State, we find that this issue will be better reviewed after this court has been provided a proper transfer order.
Accordingly, we remand this case. The circuit court is to take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the circuit court.
REMANDED WITH DIRECTIONS.
All Judges concur.

On Return to Remand

PATTERSON, Judge.
On original submission, we directed the circuit court to hold another evidentiary hearing on the question of whether M.W.B. should be transferred from juvenile court to stand trial as an adult for three counts of vehicular homicide and also to issue written findings in compliance with § 12-15-34, Code of Alabama 1975.
We cannot properly review this case because the record on return to remand does not contain a transcript of the hearing ordered in our remand opinion. While we recognize that the transfer hearing held before the circuit court’s affirmance of the juvenile court’s transfer order was a full evidentiary hearing, we are constrained to follow the mandate of Ex parte Minor, 502 So.2d 776 (Ala.1986), which reversed this court’s holding that a new evidentiary hearing is not *999 necessary on remand for the correction of the transfer order. Thus, this case is remanded for the circuit court to hold another evidentiary hearing in compliancé with Minor. As long as the circuit court gives each side the opportunity to submit additional evidence, we see no reason why the court cannot merely adopt by reference the testimony and evidence introduced at the first hearing. See C. Gamble, McElroy’s Alabama Evidence § 484.02(2) (“The circuit court takes judicial notice of all parts of its record of the case in hand.”).
The circuit court is to take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the circuit court.
By our action in this opinion, the petition for the writ of mandamus filed by M.W.B. after the submission of this case on return to remand is rendered moot and is therefore dismissed.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

On Second Return to Remand

PATTERSON, Retired Appellate Judge. AFFIRMED BY MEMORANDUM.
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.
COBB, J., concurs in part, dissents in part.

. The actual exhibits show that, during the 1993-94 school year, M:W.B. had 13 discipline infractions, some for failure to do class assignments, for failure to get approval to miss classes, and for tardiness. They also show that, during the 1994-95 school year, M.W.B. had five discipline infractions: two for talking that interrupted the class and three for not getting approval from the teacher to be absent from class.