We granted the writ of certiorari in this case to review a determination by the Court of Criminal Appeals that a defendant, who had previously been found competent by a jury to stand trial, was not entitled to another competency hearing despite evidence presented at the defendant's sentencing suggesting that the defendant's mental condition had deteriorated during the course of her trial to the extent that she had become incompetent to stand trial.
On August 26, 1993, the Reverend Jerry Simon was shot and killed while leaving the Valley Fellowship Church in Huntsville. Eileen Janezic was convicted of murdering Simon and was sentenced to life imprisonment. The Court of Criminal Appeals affirmed Janezic's conviction, with two Judges dissenting. Janezic v.State, 723 So.2d 696 (Ala.Crim.App. 1996). Janezic petitioned for certiorari review, arguing that the evidence demonstrated: (1) that she was legally insane at the time of the murder and (2) that she was incompetent to stand trial and that this was evidenced by the fact that a mental health professional had changed his opinion about Janezic's mental condition. We hold that Janezic is entitled to a hearing, if feasible, to determine her competency during the guilt-determination phase of her trial.[1]
Janezic suffers from a serious mental disease and has been diagnosed as having such a disease since at least 1989, when she was involuntarily committed to a mental institution.[2] *Page 727 
Partly because of her prior commitment, Janezic's competency was at issue at the beginning of the proceedings in this case; therefore, in June 1994, pursuant to Rule 11.6 (b), Ala. R. Crim. P., the trial judge conducted a separate jury trial in order to determine whether Janezic was competent to stand trial.
Two psychologists testified at this pre-trial competency hearing: Dr. Lawrence Maier and Dr. Roger Rinn. Both experts agreed that Janezic was hampering her defense by not helping her counsel formulate an insanity defense, but they disagreed on the reasons behind Janezic's refusal to enter a plea of not guilty by reason of mental disease or defect.
Dr. Maier, a private practitioner under contract with the Alabama Department of Mental Health and Mental Retardation, had been appointed by the trial court to examine Janezic pursuant to the State's request. Dr. Maier testified that he believed Janezic was competent to stand trial because, in his opinion, Janezic had sufficient understanding of the proceedings and charges against her and sufficient ability to cooperate with her attorneys. Dr. Maier acknowledged that Janezic was hampering her defense by refusing to assist her counsel in formulating an insanity defense, but he did not believe that Janezic's resistance to an insanity defense was based on her mental illness. Instead, he believed that Janezic had deliberately chosen to resist an insanity plea because she believed that such resistance was the most effective way to avoid being convicted.
Dr. Rinn, a private practitioner, testified for the defense. Dr. Rinn testified that he believed Janezic was not competent to stand trial. Specifically, he believed that Janezic's mental disease was the cause of her refusal to help formulate an insanity defense; therefore, Dr. Rinn believed, Janezic's mental disease made her unable to assist her attorney.
Faced with this conflicting expert testimony, the jury determined that Janezic was competent, and the trial judge ordered the trial to commence. Janezic has not challenged this initial competency determination.
Janezic having been adjudged competent, her trial began on October 17, 1994. On October 25, 1994, at the close of the trial, the judge instructed the jury on the verdicts of guilty, not guilty, and not guilty by reason of mental disease or defect. The jury returned a verdict of guilty, and the trial judge scheduled a sentencing hearing for November 15, 1994.
On November 15, 1994, at the beginning of the sentencing hearing, Janezic's attorneys notified the trial judge that they had, without court approval, asked Dr. Lawrence Maier to reexamine Janezic's mental state. They stated that they wished to offer Dr. Maier's testimony to address both Janezic's competency for purposes of sentencing and, possibly, her competency during the course of the guilt-determination phase of her trial. The trial judge allowed Dr. Maier to testify, but limited the area of examination to whether Janezic was competent for purposes of sentencing. The trial judge specifically stated that he would not revisit the issue of Janezic's competency to stand trial in the earlier proceedings. Therefore, although Dr. Maier briefly referred to observations he had made during the course of the trial, he directly testified only as to Janezic's competency on November 15, 1994, for purposes of sentencing.[3]
Dr. Maier testified that he had examined Janezic the day before the sentencing hearing and had formed a new opinion regarding her competency. Specifically, he stated:
 "[M]y opinion now is that [Janezic] has deteriorated significantly psychologically since I saw her last in June. There are manifest and obvious signs of what we call *Page 728 
schizophrenia. This is impairing her reality contact markedly, and I don't think she is capable of rational thought or decision-making at this time."
Dr. Maier also testified that he observed Janezic during the guilt-determination phase of the trial, while he was giving his testimony relating to Janezic's insanity plea. He explained that, at that time, Janezic seemed to possess "marked disinterest and very little awareness or concern about what was going on." However, he also stated that "my evaluation was quite brief, and my concern was to testify, not to observe at that time."
Based on this testimony, the trial judge postponed sentencing and committed Janezic to the custody of the Alabama Department of Mental Health and Mental Retardation to receive appropriate medical treatment and for further evaluation as to her competency to be sentenced.
On July 6, 1995, the trial court conducted another hearing to determine whether Janezic was competent to be sentenced. At this hearing, Dr. Wilburn Rivenbark, a forensic psychologist employed by the State of Alabama, testified that Janezic's condition had improved in response to medication and that she was competent to be sentenced. The trial court agreed, and it sentenced Janezic to life imprisonment. Janezic has not challenged this decision.
In July 1995, Janezic filed a motion for a new trial, alleging, among other things, that she had been incompetent to stand trial and that the evidence overwhelmingly demonstrated that she was insane at the time of the killing. The trial judge did not rule on the motion, and it was denied by operation of law under Rule 24.4, Ala. R. Crim. P.
Janezic argues that she was entitled to a competency hearing because, she says, the evidence demonstrated that her mental condition had deteriorated during the course of her trial to the extent that she was incompetent to stand trial.[4] The Court of Criminal Appeals, in a split decision, affirmed Janezic's conviction, without addressing the issue of Janezic's competency to stand trial; however, Judge Patterson, in his dissent, asserted that the case should, at a minimum, be remanded to the circuit court for a hearing to address Janezic's motion for a new trial. We agree; we conclude that this case should be remanded for further consideration of the question of Janezic's competency to stand trial during the guilt-determination phase of her trial.
Trial of a person who is incompetent violates the due process guarantees. Davis v. Alabama, 545 F.2d 460 (5th Cir. 1977). Therefore, when a trial court is faced with facts that create a reasonable and bona fide doubt as to the mental competency of the defendant to stand trial, the trial court must take steps to assure that a reasonable legal determination of competency is reached. See, e.g., Atwell v. State, 354 So.2d 30, 35
(Ala.Crim.App. 1977), cert. denied, 354 So.2d 39 (Ala. 1978). In other words, in such situations, the trial court must inquire into the defendant's competency, generally by conducting a competency hearing. Ex parte LaFlore, 445 So.2d 932 (Ala. 1983). In this case, Janezic was afforded a competency hearing, but it appears to be uncontroverted that the only mental health professional who had testified at the pre-trial competency hearing that Janezic was competent changed his opinion after she was convicted and that this change in opinion was based in part on what he had observed while testifying during the guilt-determination phase of Janezic's trial.
In her motion for a new trial, Janezic referred to Dr. Maier's change of opinion, and Judge Patterson's dissent similarly focused on Dr. Maier's decision to come forward at the sentencing hearing. We view Dr. Maier's change of opinion as the heart of Janezic's incompetency claim.[5] Dr. Maier *Page 729 
was the only expert who had testified that Janezic was competent to stand trial; indeed, in light of the wealth of evidence regarding Janezic's mental condition, it appears that Dr. Maier's earlier testimony was the only ground supporting a determination that Janezic was competent.
By the middle of November 1994, Dr. Maier's opinion regarding Janezic's competency had changed and, in fact, was different from the opinion he had expressed in June 1994 at the pre-trial competency hearing. Dr. Maier's change of opinion was, at least in part, motivated by his observations of Janezic during the guilt-determination phase of the trial. At the sentencing hearing, the trial court was informed of this change in opinion, and Janezic's counsel specifically indicated that Dr. Maier's testimony could address Janezic's competency during the guilt-determination phase of the trial. In addition, the trial court also knew that Dr. Maier's change in opinion was prompted, at least in part, by his observations of Janezic during the guilt-determination phase of the trial. Although the evidence on record does not conclusively prove that Janezic had become incompetent during the course of her trial, we believe that Dr. Maier's shift of opinion, especially when considered in the context of the other evidence related to Janezic's mental health, created a reasonable and bona fide doubt as to Janezic's competency during the guilt-determination phase of her trial.
This conclusion is not affected by the fact that the trial court did not learn of Dr. Maier's possible change of opinion until after Janezic had been convicted. The duty to protect against trying an incompetent person applies even when the facts that question the defendant's competency become available after a verdict has been reached. Cf. United States v. Mason,52 F.3d 1286 (4th Cir. 1995) (explaining that the trial court should have conducted a competency hearing even though the competency issue was not raised until after the phase of trial in question and was triggered by suicide attempt that occurred after conviction).
We recognize that it is easier to make a determination of a defendant's current competency than an after-the-fact determination, but this does not excuse a trial court from its duty to protect against the trial of an incompetent person. SeeMason, 52 F.3d at 1293 n. 8. In addition, most of the problems associated with retrospective competency hearings are less troublesome when the facts that question the defendant's competency are made known promptly, here less than a month after the conviction and before the defendant had been sentenced.
Because the trial court erred in failing to conduct further inquiry into Janezic's competency during the guilt-determination phase of her trial, we conclude that this case should be remanded to the circuit court for a hearing to determine this issue. SeeEdgar v. State, 646 So.2d 683, 687 (Ala. 1994);[6] cf. *Page 730 Ex parte Gordon, 556 So.2d 363 (Ala. 1988) (remanding case for further inquiry into the defendant's mental competency during trial). In remanding this case, rather than granting a new trial, we are aware of the problems inherent in retrospective competency hearings,[7] but we believe the feasibility of a retrospective competency hearing is an issue that is better left to the discretion of the trial court on a case-by-case basis. See, e.g.,Moran v. Godinez, 57 F.3d 690 (9th Cir. 1994); James v.Singletary, 957 F.2d 1562 (11th Cir. 1992); United States v.Mason, 62 F.3d 1286 (4th Cir. 1995); United States v. Renfroe,825 F.2d 763 (3d Cir. 1987); Bryan v. State, 935 P.2d 338
(Okla.Crim.App. 1997); James v. State, 489 So.2d 737 (Fla. 1986). The factors that should be considered in determining whether it is feasible at this point to conduct a meaningful inquiry into Janezic's competency during her trial include, but are not limited to, the passage of time, the availability of witnesses, and the existence of evidence in the record about Janezic's mental state at the time. See Miller v. Dugger, 838 F.2d 1530,1644 (11th Cir. 1980), cert. denied, 486 U.S. 1061,108 S.Ct. 2822, 100 L.Ed.2d 933 (1988).
If the circuit court concludes that a meaningful retrospective determination is still possible, and it appears to be, the circuit court shall conduct a competency hearing. At that competency hearing, the State will bear the burden of proving that Janezic was competent. See Lackey v. State, 615 So.2d 145,152 (Ala.Crim.App. 1992) ("Once the defendant has met his burden of production by presenting evidence that he is incompetent to stand trial, the State must then prove that the defendant is competent"). If the circuit court properly concludes that Janezic was competent, no new trial will be necessary. On the other hand, if the circuit court determines that a meaningful retrospective determination is no longer possible, then Janezic's conviction must be reversed and a new trial may be granted when and if Janezic is competent to stand trial.
We reverse the judgment of the Court of Criminal Appeals and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, COOK, and SEE, JJ., concur.
[1] Because of our disposition of this case, we decline to address at this time Janezic's argument that she was legally insane at the time of the killing.
[2] Janezic has received a variety of diagnoses. In 1989, Janezic was diagnosed as suffering from bipolar disorder. Since that time, she has been diagnosed as suffering from schizophrenia, and schizo-affective disorder with psychotic features. As of November 1994, the psychiatrists and psychologists with the Alabama Department of Mental Health agreed that Janezic suffered from acute paranoid schizophrenia. Regardless, it is undisputed that Janezic suffers from a severe mental disease that is incurable.
[3] We emphasize that this lack of testimony may be at least partially explained by the fact that the trial court specifically ruled that it would not revisit the issue of Janezic's competency during the guilt-determination phase of the trial.
[4] In other words Janezic argue court should have at a minimum conducted a competency hearing upon learning that Dr. Maier had changed his opinion regarding Janezic's competency. This type of claim is based on Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836,15 L.Ed.2d 815 (1966), a case in which the defendant alleged that the trial court denied him procedural due process by failing to sua sponte hold a competency hearing.
[5] In her motion for new trial, Janezic made the following allegations regarding her competency to stand trial:
 "6. The Court erred in failing to exercise its ongoing duty to prevent a trial of a defendant who was obviously unable to assist in her defense. (Gothard v. State, 452 So.2d 889 [Ala. Crim. App. 1984]).
 "7. The Court erred in failing to consider defendant s conduct after the alleged event and during the trial in relation to its duty to guard against an incompetent being tried, when she demonstrated in open court that she was unable to cooperate with her lawyers in the presentation of her case (Bernard[Berard] v. State, 486 So.2d 458 [Ala. Crim. App. 1984]).
 "8. The Court erred in allowing an incompetent defendant to stand trial; thereby violating her right under the constitutions of Alabama and the United States (Anderson v. State, 510 So.2d 578 [Ala. Crim. App. 1987]).
 "9. As a matter of law the unrebutted testimony and evidence received in this case, establishes that defendant was suffering from a mental illness or defect prior to and during the trial of the case, and that she could not effectively participate in the preparation and presentation of her defense.
". . . .
 "13. A new trial may be granted when a material witness admits his testimony was mistaken, but if the true facts are corroborated by other evidence, then a new trial must be granted particularly since the finding of competence was based upon the recanted testimony (Robinett v. State, 494 So.2d 982 [Ala. Crim. App. 1986])."
[6] In Edgar, this Court held that when a criminal defendant's motion for new trial is supported by new evidence not controverted by the State that would entitle the defendant to a new trial and that motion is denied by operation of law, the defendant is entitled only to a hearing on the motion for new trial, not an automatic reversal and new trial. Edgar, 646 So.2d at 687. When the defendant's motion for new trial raises a claim of incompetency to stand trial, this rule may be applied only if the circuit court determines that a meaningful retrospective hearing into the defendant's competency can be held.
[7] In Pate v. Robinson, 383 U.S. 375, 387, 86 S.Ct. 836, 843,15 L.Ed.2d 815 (1966), the United States Supreme Court noted the dangers inherent in retrospective competency hearings, including the passage of time, expert witnesses limited to information contained in the printed record, and the new jury's inability to observe the defendant at the time of trial. However, that case did not forbid such hearings. See also Miller v. Dugger,838 F.2d 1530, 1543 (11th Cir. 1988).