McMILLAN, Judge.
Rodney Ray Permenter, the appellant, was convicted of kidnapping in the first degree, in violation of § 13AAM3, Ala. Code 1975, and rape in the first degree, in violation of § 13A-6-61, Ala.Code 1975. He was sentenced to life imprisonment on the rape conviction and to 15 years’ imprisonment on the kidnapping conviction; the sentences were to run consecutively. He appealed.
The appellant argues that the trial court erred in failing to grant his motion for a reevaluation of his competency to stand trial. In support of his argument, the appellant contends that, although he had a competency hearing at which he was found competent to stand trial, that hearing took place approximately one year before his trial began; he argues that since that time his condition has deteriorated.
“Trial of a person who is incompetent violates the due process guarantees. Davis v. Alabama, 545 F.2d 460 (5th Cir.1977). Therefore, when a trial court is faced with facts that create a reasonable and bona fide doubt as to the mental competency of the defendant to stand trial, the trial court must take steps to assure that a reasonable legal determination of competency is reached. In other words, in such situations, the trial court must inquire into the defendant’s competency, generally by conducting a competency hearing.”
Ex parte Janezic, 723 So.2d 725, 728 (Ala.1997). (Some citations omitted.)
An examination of the record reveals that the appellant had a history of long-term severe mental illness. Although mental illness is not alone indicative of an inability to stand trial, a determination by the trial court is necessary to ensure that the defendant’s mental illness does not interfere with his ability to assist counsel or to understand the charges against him. The record indicates that the appellant here was initially afforded a pretrial competency hearing, at which his competency to stand trial was evaluated and he was found competent to stand trial. The hearing was held on December 3, 1998, one year before his trial. The record further indicates that defense counsel, at the hearing on the appellant’s motion for reevaluation of his competency to stand trial, presented evidence, including medical records and the testimony of the appellant, that the appellant’s mental condition had deteriorated since he was first declared competent to stand trial. Defense counsel then requested the trial court to continue the hearing so that Dr. Ronan, a clinical psychologist with Taylor Hardin Secure Medical Facility, who had previously evaluated the appellant and who was en route to the proceedings, could testify as to the appellant’s ability to stand trial. The trial court denied the appellant’s request. The record further indicates that the trial court gave no reasons for denying the motion and merely said, “motion denied” each time the motion was presented. Lastly, during trial, Dr. Ronan, on cross-examination and outside the jury’s presence, stated that the appellant’s mental condition had deteriorated since she had last evaluated *1149 him in 1998. Specifically, Dr. Ronan stated that she examined the appellant in September 1999, and although she did not conduct a mental examination on his competency to stand trial at that time, she did note that “his mental illness symptoms appeared to have increased.” She further stated that she would need to conduct another evaluation to determine if he was competent to stand trial.
An examination of the record reveals that this cause is due to be remanded to the trial court with instructions for that court to conduct a hearing on the issue whether appellant was competent to stand trial. See Lackey v. State, 615 So.2d 145, 152 (Ala.Crim.App.1992) (“Once the defendant has met his burden of production by presenting evidence that he is incompetent to stand trial, the State must then prove that the defendant is competent.”) The trial court should be able to conduct a meaningful inquiry into whether the appellant was competent to stand trial at the time the trial was held and to conclude whether he would be entitled to a new trial on that basis. The State will have the burden of proving that he is competent. Ex parte Janezic, supra at 730. If the trial court is unable to determine that he was competent to stand trial, then the appellant’s conviction are due to be reversed and he is entitled to a new trial-when and if he is found competent to stand trial. Id. The trial court should state its reasons for its denial of the appellant’s motion for a reevaluation of his competency to stand trial.
We pretermit discussion of additional issues raised by the appellant until a due return is made to this Court. Due return shall be made with this Court within 65 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.