807 So.2d 588 (2001)
Mickey Wayne BURNETT
v.
STATE.
CR-98-0543.
Court of Criminal Appeals of Alabama.
June 29, 2001.
Virginia A. Vinson, Birmingham, for appellant.
Bill Pryor, atty. gen., and Stephen N. Dodd, asst. atty. gen., for appellee.

On Remand from the Alabama Supreme Court
BASCHAB, Judge.
In accordance with the Alabama Supreme Court's decision in Ex parte Burnett, 807 So.2d 586 (Ala.2001), we reverse the trial court's judgment and remand this case to the trial court for proceedings that are consistent with the Alabama Supreme Court's opinion in Ex parte Edwards, [Ms. 1991502, January 12, 2001] ___ So.2d ___ (Ala.2001). In so doing, we note the following. In Ex parte Edwards, the Alabama Supreme Court stated, "An indictment under § 32-5A-192(b) should charge an appropriate mental state based on § 13A-2-2(2) to (4)." ___ So.2d at ___. Because the indictment in this case did not charge such a mental state, based on Ex parte Edwards, we conclude that it was *589 void. Furthermore, in this case, the Alabama Supreme Court did not render a judgment in favor of the appellant like it did in Ex parte Edwards. Therefore, it appears that, on remand, the State can reindict the appellant for vehicular homicide using the language set forth in Ex parte Edwards.
REVERSED AND REMANDED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur; COBB, J., dissents, with opinion.
COBB, Judge, dissenting.
As in Janezic v. State, 723 So.2d 730, 731 (Ala.Crim.App.1998) (Cobb, J., concurring specially), I find myself in the peculiar position of offering a special writing to what is typically a perfunctory remand opinion released by this court when the Alabama Supreme Court reverses one of our judgments.[1]
The constitutional provision I am concerned will be violated if there is a retrial in this case is the same provision that caused my concern in the Janezic remand: the Double Jeopardy Clause of the Fifth Amendment. This provision of the Bill of Rights guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V.
In Janezic v. State, 723 So.2d 696 (Ala. Crim.App.1996), this court, in a 3-2 decision, affirmed a conviction of a lower court; our judgment was later reversed by the Alabama Supreme Court. Ex parte Janezic, 723 So.2d 725 (Ala.1997). As I noted in my special concurrence on remand from the Alabama Supreme Court in Janezic, "Unfortunately the Supreme Court did not address Janezic's claim that the prosecution presented insufficient evidence to rebut the evidence supporting her insanity defense. By failing to rule on her insanity issue and remanding the case for a retroactive competency determination and a possible retrial, the Supreme Court, I believe, has left open the possibility that Janezic will be twice placed in double jeopardy." Janezic, 723 So.2d at 731 (Cobb, J., concurring specially).
Again, I feel compelled to write because of important questions left unanswered regarding the vehicular-homicide statute, § 32-5A-192, Ala.Code 1975. Although the issue regarding the constitutionality of the statute was squarely before the court in Ex parte Edwards, [Ms. 1991502, Jan. 12, 2001] ___ So.2d ___ (Ala.2001), and in Ex parte Burnett, 807 So.2d 586 (Ala. 2001), the Alabama Supreme Court chose not to reverse the appellants' convictions on the ground that Alabama's vehicular-homicide statute is unconstitutional; I believe it is unconstitutional. See Burnett v. State, 807 So.2d 573, 583 (Cobb, J., dissenting) ("the vehicular homicide statute, as it is currently written, violates the basic due process of law guaranteed to every citizen by the United States Constitution and the Alabama Constitution of 1901"). Instead, the Court reversed the convictions after determining in Ex parte Edwards that the indictment, which tracked the language of the statute and charged the "unlawful and unintentional" causing of a death while violating a traffic regulation, was void because it lacked a culpable mental state. Ex parte Edwards, ___ So.2d at ___ ("We agree with the dissenting opinion of Judges Cobb and Fry in Burnett, to the *590 extent it rejects the view that the word `unlawfully' supplies an element of intent."). The Court continued, however, and "endorsed" the "Use Note" on "Mens Rea Element" accompanying the Alabama pattern jury instructions applicable to § 32-5A-192, Ala.Code 1975, which states that "unintentional" was assumed to refer to all forms of mens rea except "intentional." Ex parte Edwards, ___ So.2d at ___. Thus, the Supreme Court determined that an indictment under § 32-5A-192(b) should include a culpable mental state based on the definitions in § 13A-2-2(2) to (4), or "knowingly," "recklessly," or "with criminal negligence." Id. at ___. Edwards's conviction was reversed because her indictment did not describe a culpable mental state. A judgment was rendered in her favor in her case; the Supreme Court explained, "Because Edwards was acquitted of both manslaughter (ruling out recklessness) and criminal negligence, the court should have granted Edwards's postjudgment motion for a judgment of acquittal." Id. at ___.
No other charges were given to the jury in Burnett's case. He was convicted only of vehicular homicide, under § 32-5A-192. Because Burnett's jury returned only verdicts on vehicular homicide, the Alabama Supreme Court reversed the judgment but did not render a judgment for Burnett when it reviewed Burnett's conviction. The Supreme Court's judgment in Ex parte Burnett then led this court, on remand, to state, "Therefore, it appears that, on remand, the State can reindict the appellant for vehicular homicide, using the language set forth in Ex parte Edwards." Burnett v. State, 807 So.2d at 589.
My research does not reveal another case on point. The closest analogous situation to Burnett's is where a statute has been declared unconstitutional. A person could be charged with another offense arising out of the same situation, but not one under the same statute, for obvious reasons. Another body of cases, those dealing with void indictments, seems to indicate that Burnett can be retried, because the trial court had no jurisdiction and jeopardy did not attach. E.g., Heidelberg v. State, 575 So.2d 621 (Ala.Crim.App.1991). Application of that rule to this case, in my opinion, is blatantly unfair and violates the spirit of, if not the technical terms of, the prohibition against double jeopardy. The United States Supreme Court has stated:
"The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials. The Clause does not allow `the State ... to make repeated attempts to convict an individual for an alleged offense,' since `[t]he constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.'"
Burks v. United States, 437 U.S. 1, 11, 98 S.Ct., 2141, 57 L.Ed.2d 1 (1978) (footnote omitted) (quoting Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)). Justice Almon has correctly observed that "the double jeopardy prohibition prevents the state from having two bites at the same apple." Lindley v. State, 728 So.2d 1153, 1159 (Ala.1998) (Almon, J., concurring in part and dissenting in part). The result apparently mandated by the Supreme Court's decision in this case will, in fact, give the State a second bite at the same apple.
*591 The Alabama Supreme Court's failure to declare § 32-5A-192, Ala.Code 1975, unconstitutional is particularly troubling. Section 32-5A-192 does not contain a culpable mental state, but the Supreme Court directs a prosecutor to simply pluck one from § 13A-2-2(2) to (4) and insert it in an indictment to charge vehicular homicide. This is perhaps the most classic case of judicial activism I have ever seen. The Supreme Court rehabilitates, in my opinion, an unconstitutional statute by allowing the prosecutor to "plug in" a culpable mental state of prosecutor's choosing, because no mental state was supplied in the statute.
"Strict construction," a phrase bantered about in political campaigns, is a phrase that has real meaning to some. To others, it appears to have meaning only so long as it can be applied to uphold an unconstitutional statute or a conviction.
Historically, the narrowest or strictest construction is mandated for criminal statutes. That is simply a basic tenet of American jurisprudence. See, e.g., Ex parte Mutrie, 658 So.2d 347, 349 (Ala. 1993), in which the Alabama Supreme Court recognized:
"`A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
"`Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).
"`One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing Young's Case, 58 Ala. 358 (1877).
"`No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra.'
"Clements v. State, 370 So.2d 723, 725 (Ala.1979) (emphasis added [in Ex parte Mutrie]), overruled on other grounds, Beck v. State, 396 So.2d 645 (Ala.1980). `Further, it is well established that criminal statutes should not be "extended by construction." Locklear v. State, 50 Ala. App. 679, 282 So.2d 116 (1973).' Ex parte Evers, 434 So.2d 813, 817 (Ala. 1983)."
The tenets so clearly expressed above by the Supreme Court in Ex parte Mutrie were violated in Ex parte Edwards, in that Court's understandable, although I believe erroneous, attempt to salvage an unconstitutional statute. The results of this salvage attempt are far-reaching. Although Julia Marie Edwards will not be retried, because her jury was given the opportunity to consider charges based on recklessness and criminal negligence and rendered verdicts of acquittal on those counts, Mickey Wayne Burnett is subject to reindictment and retrial, based on the same faulty statute.
The day of the collision, December 18, 1993, forever changed the lives of so many. Since that time, Burnett has been before Winston County Juvenile Court for a transfer hearing; he was transferred to circuit court to be tried as an adult and he appealed the transfer order to no avail. M.W.B. v. State, 714 So.2d 996, 999 (Ala. Crim.App.1997)(Cobb, J., on second return to remand, concurring in part and dissenting in part). Burnett was then tried and *592 convicted in adult court; his only culpable conduct was exceeding the speed limit by eight miles per hour. He appealed his conviction, which was affirmed in Burnett v. State, 807 So.2d 573 (Ala.Crim.App.1999) (Cobb, J., dissenting). The Alabama Supreme Court granted certiorari review and reversed the conviction, Ex parte Burnett, 807 So.2d 586 (Ala.2001), resulting in this court's order reversing the conviction and remanding the case.
From December 18, 1993, when Burnett was 16 years old, until today, Burnett and his family have presumably been consumed with this awful tragedy, and the knowledge that his actions led to the loss of three lives. Enough is enough.
This young man is not a "criminal"; he did not rob someone at gunpoint; he did not drive while intoxicated; he did not sell drugs; he did not sexually abuse someonehe simply exceeded the speed limit by eight miles per hourand there, but for the grace of God, goes any other law-abiding citizen in Alabama.
I write to strongly urge two things: first, that the Chief Justice of the Alabama Supreme Court order this case transferred for a final determination pursuant to § 12-3-14, Ala.Code 1975.[2] That Court should take the necessary steps to prevent further injustices from occurring. Second, if the Supreme Court does not assume jurisdiction of this case, then this court should take this opportunity to make its best effort to attempt to clarify the issues that were unresolved or omitted in the opinion of the court above. As I wrote in Janezic, the Alabama Supreme Court's decision does not preclude this court from acting. Janezic v. State, 723 So.2d 730, 732 (Cobb, J., concurring specially).
If the Supreme Court refuses to reconsider this case, and if this court does not clarify the issues, then the matter will return to the Winston County District Attorney's Office, and it will be up to the prosecutor to determine Burnett's fate. In my view, Alabama law would not uphold a conviction in this case, even if the least culpable mental state of criminal negligence was "supplied" in a new indictment for vehicular manslaughter. Criminal negligence requires proof that a person
"fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."
§ 13A-2-2(4), Ala.Code 1975. In a previous case, we upheld a verdict based on criminal negligence when a defendant pointed a gun at the victim and pulled the trigger, but was unaware that a bullet was in the chamber. Reeves v. State, 580 So.2d 49 (Ala.Crim.App.1990). In Crauswell v. State, 638 So.2d 11 (Ala.Crim.App.1993), we upheld a verdict of criminally negligent homicide when a defendant who had ingested alcohol and narcotics was speeding and ran a red light, causing him to collide with another vehicle. A comparison to those and similar cases demonstrates that the facts presented in this case would not support even a criminal-negligence conviction. Based on the foregoing, I believe that Burnett should not be reindicted for *593 vehicular homicide. Simply put, if he were tried, I believe, any motion for acquittal he made would be due to be granted.
The result in this case is unfair and violates the prohibition against double jeopardy; the legal reasoning used to reach that result is, I believe, faulty. Therefore, I must dissent.
NOTES
[1] "I recognize that this court's opinion on remand is not a traditional vehicle for a special writing such as this. In fact, I am unable to find a similar special writing in other cases in which our court has entered a traditional remand order." Janezic v. State, 723 So.2d 730, 734 (Ala.Crim.App.1998) (Cobb, J., concurring specially).
[2] "When it is deemed advisable or necessary for the proper dispatch of the business of the Alabama Court of Criminal Appeals, the Chief Justice of the Supreme Court, with the advice of the Supreme Court and the presiding judge of the Alabama Court of Criminal Appeals, may in writing designate any case in the Court of Criminal Appeals to be transferred to the Supreme Court for hearing and final determination by that court."