On Rehearing Ex Mero Motu
The opinion of this Court dated February 27, 2004, is withdrawn and the following is substituted therefor.
The appellant, Bobby Lee Glass, appeals the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1994 convictions for burglary in the first degree, rape in the first degree, and assault in the first degree and his resulting sentences of life imprisonment for the burglary and rape convictions and 15 years' imprisonment for the assault conviction. This Court affirmed Glass's convictions and sentences. See Glass v. State, 671 So.2d 114 (Ala.Crim.App. 1995). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on November 17, 1995.
On or about April 1, 1997, Glass filed his first Rule 32 petition. In that petition he argued that the trial judge had been biased against him. Glass further made numerous allegations of ineffective assistance of trial and appellate counsel. The trial court dismissed the petition, and this Court affirmed the trial court's denial of Glass's Rule 32 petition in an unpublished memorandum issued on September 11, 1998. Glass v.State (No. CR-97-1398), 741 So.2d 489 (Ala.Crim.App. 1998) (table).
On October 17, 2000, Glass filed a second Rule 32 petition. In that petition he argued: (1) that his convictions violated double jeopardy principles; (2) that his *Page 287 Batson[1] claim had been erroneously denied; (3) that the trial court allegedly violated his due-process rights when it granted the State's motion to consolidate the charges against him without giving him an opportunity to respond; and (4) that he did not have an opportunity to respond to the State's motion to dismiss because, he said, the State allegedly did not serve him with a copy of its motion. After the State responded, the trial court summarily denied the petition. This Court affirmed the trial court's summary denial in an unpublished memorandum issued on March 23, 2001. Glass v. State (No. CR-00-0785),821 So.2d 1045 (Ala.Crim.App. 2001) (table).
On May 19, 2003, Glass filed his third Rule 32 petition, alleging that he was entitled to a new trial and a new sentence because he was not mentally competent to stand trial. Specifically, Glass appears to claim that the trial court never made a legal determination on his competency despite the fact that the trial court ordered a mental evaluation. On August 18, 2003, the State filed a motion to dismiss and argued that Glass's claim was without merit and that his petition did not state a claim or present a material issue of fact that would entitle him to relief. The State also argued that Glass had raised the issue of competency in a prior petition and that the instant petition was thus precluded as successive. On August 18, 2003, the trial court denied Glass's petition, stating that his claims were successive. This appeal followed.
On appeal, Glass argues: (1) that "the trial court commit[ted] error of constitutional magnitude by beginning [Glass's] trial without a legal determination of his competency when a bona fide doubt existed"; (2) that "the trial court den[ied] [Glass] due process and equal protection by failing to record the Rule 32 hearing"; (3) that "the trial court commit[ted] reversible error in not addressing [Glass's] specific ground"; and (4) that "the trial court abuse[d] its discretion in dismissing petition."
The trial court, in denying Glass's Rule 32 petition, made the following findings:
 "[Glass] alleges this Court was without jurisdiction to render judgment or impose sentence and the Constitution requires a new trial because the issue of [Glass's] competency was not raised by his trial counsel, Billy Hill.
 "On April 1, 1997, [Glass] filed a Rule 32 Petition alleging ineffective assistance of counsel on the part of his attorney, Billy Hill. The petition, including the issue of competency that [Glass] raised in said petition, was heard on the merits before the Honorable J. Michael Joiner on March 4, 1998. Part III of Judge Joiner's order denied the ineffective assistance of counsel claim raised in [Glass's] April 1, 1997 petition.
 "Because [Glass] previously filed a petition alleging the same grounds as the instance petition, which was adjudicated on the merits, the instant petition is a successive petition due to be denied for the reasons cited in the Court's order of April 1, 1997, and on the authority of Rule 32.2(b), Alabama Rules of Criminal Procedure."
(R. 28.) To the extent that this claim raises the issue whether Glass's procedural due-process rights were violated, his claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. *Page 288 
However, after thoroughly reviewing the record and Glass's prior Rule 32 petitions, we find that the issue Glass now raises — the issue of his competency to stand trial — is different than the issue raised in his April 1, 1997, petition. The alleged competency issue raised in the 1997 petition challenged the effectiveness of counsel for his failure to pursue a defense of not guilty by reason of mental disease. Here, Glass alleges that the trial court ordered a competency hearing and twice continued the case "in order to establish the mental and stability and sanity of the Petitioner." (R. 16.) To the extent that Glass's petition raises a substantive due-process claim — that he was convicted while he was mentally incompetent to stand trial — the petition is not subject to procedural bars.
 "Trial of a person who is incompetent violates the due process guarantees. Therefore, when a trial court is faced with facts that create a reasonable and bona fide doubt as to the mental competency of the defendant to stand trial, the trial court must take steps to assure that a reasonable legal determination of competency is reached. In other words, in such situations, the trial court must inquire into the defendant's competency, generally by conducting a competency hearing."
Ex parte Janezic, 723 So.2d 725, 728 (Ala. 1997) (citations omitted). Moreover, the record before this Court is silent as to whether the trial court conducted a competency hearing or made any inquiry into Glass's competency to stand trial.
Accordingly, we remand this case to the trial court for that court to make specific findings of fact as to whether there was any inquiry into the matter of Glass's competency before his trial on charges of first-degree burglary, first-degree rape, and first-degree assault, and, if so, whether a legal determination was made regarding his competency to stand trial. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
ON REHEARING EX MERO MOTU: OPINION OF FEBRUARY 27, 2004, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986).
* Note from the reporter of decisions: On October 22, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 17, 2004, that court denied rehearing, without opinion. On May 13, 2005, the Supreme Court denied certiorari review, without opinion (1040458).