WISE, Judge,
dissenting.
I respectfully dissent from the majority’s unpublished memorandum affirming the circuit court’s summary denial of Robert Eugene Elmore’s Rule 32, Ala.R.Crim. P., petition.
I disagree with the majority’s conclusion that the circuit court did not err when it denied Elmore’s claim that he was not mentally competent at the time he pleaded guilty because, the majority concludes, that claim did not meet the specificity requirement of Rule 32.6(b), Ala.R.Crim.P. My review of the record reveals that El-more was arrested for kidnapping on January 22, 1994; the arrest warrant charged him with second-degree kidnapping in the abduction of Randall Dodd. Thereafter, on March 25, 1994, the grand jury returned an indictment charging him with second-degree kidnapping, a violation of § 13A-6-44, Aa.Code 1975. On April 12, 1996, Elmore pleaded guilty to one count of second-degree kidnapping and was sentenced to 12 years’ imprisonment. No appeal was taken from this conviction.
On April 29, 2004, Elmore filed the instant Rule 32 petition. Elmore’s petition alleged that he was not mentally competent to enter a plea at the time he pleaded *1161 guilty. The factual basis for this allegation was Elmore’s assertion that “after his three tours of duty in Vietnam, he was diagnosed as suffering from PTSD [post-traumatic stress disorder], and has been hospitalized on several occasions in the VA Hospital’s Psychiatric Ward for PTSD.” The petition further alleged that “[o]n June 28, 1994, five months after Elmore’s arrest and while in the Tuscaloosa County Jail, the Court received letters from his VA Psychiatric Doctors. Elmore was then ordered to the VA Hospital’s Psychiatric Ward for his mental condition, PTSD,” and, as of “August 26, 1994, Elmore was still in the VA Hospital for Psychiatric treatment.” (C. 18.) In my opinion, El-more’s allegations met the specificity requirement of Rule 32.6(b).
Moreover, neither the State nor the circuit court refuted Elmore’s assertions regarding his mental competency. Instead, the court denied Elmore’s competency claim on the ground that it was time-barred pursuant to Rule 32.2(c), Ala. R.Crim.P. (C. 46.) However, Elmore’s claim that he pleaded guilty to second-degree kidnapping while he was mentally incompetent is a substantive due-process claim that is not subject to the procedural bars set out in Rule 32, Ala.R.Crim.P. See Nicks v. State, 783 So.2d 895, 908 (Ala.Crim.App.1999), cert. quashed, 783 So.2d 926 (Ala.2000).
“Trial of a person who is incompetent violates the due process guarantees. Therefore, when a trial court is faced with facts that create a reasonable and bona fide doubt as to the mental competency of the defendant to stand trial, the trial court must take steps to assure that a reasonable legal determination of competency is reached. In other words, in such situations, the trial court must inquire into the defendant’s competency, generally by conducting a competency hearing.”
Ex parte Janezic, 723 So.2d 725, 728 (Ala.1997) (citations omitted). See also Wilson v. State, 875 So.2d 1225, 1228 (Ala.Crim.App.2003).
It is unclear whether Elmore’s post-traumatic stress disorder affected his competency to enter a guilty plea to second-degree kidnapping, or even whether El-more’s attorney requested a pre-trial psychiatric examination. However, it does appear that the circuit court believed that Elmore’s condition was sufficiently serious to warrant his hospitalization while incarcerated and awaiting trial on these charges. Accordingly, I believe that it was incumbent upon the circuit court to make findings regarding the merits of Elmore’s claim' — -particularly whether there was any inquiry into the matter of Elmore’s competency before he entered his guilty plea to second-degree kidnapping — rather than summarily denying his claim as procedurally barred. See Glass v. State, 912 So.2d 285 (Ala.Crim.App.2004).
I am also troubled by the majority’s decision for a second reason. Elmore alleged in his petition that the circuit court was without jurisdiction to accept his guilty plea to second-degree kidnapping because the person he abducted was his son. The Tuscaloosa County Grand Jury returned the following indictment:
“The Grand Jury of said County charge that before the finding of this Indictment, ROBERT EUGENE EL-MORE, alias ROBERT E. ELMORE, alias ROBERT ELMORE, whose name is otherwise unknown to the Grand Jury, did, abduct another person, to-wit: Randall Dodd, in violation of Second 13A-6-44 of the Code of Alabama.”
Section 13A-6-44, Ala.Code 1975, provides, in pertinent part:
*1162 “(a) A person commits the crime of kidnapping in the second degree if he abducts another person.
“(b) A person does not commit a crime under this section if:
“(1) The abduction is not coupled with intent to use or to threaten to use deadly force,
“(2) The actor is a relative of the person abducted, and
“(3) The actor’s sole purpose is to assume lawful control of that person. “The burden of injecting the issue of defense under this subsection is on the defendant, but this does not shift the burden of proof.”
Although I do not disagree with the majority’s conclusion that the indictment sufficiently defined the offense and apprised Elmore of the nature of the charge, I am troubled by Elmore’s allegation that he had lawful custody over his son and that he thus could not be guilty of second-degree kidnapping. Because this claim was not disputed by the State or addressed by the circuit court in its order denying Elmore’s petition, and may indeed, be meritorious, I would remand this case for additional findings of fact with regard to this claim.
Based on the foregoing reasons, I must respectfully dissent.