690 So.2d 346 (1997)
Ex parte Cathy BECK.
(Re Cathy Beck v. State).
1951732.
Supreme Court of Alabama.
March 14, 1997.
David J. Harrison, Geneva, for Petitioner.
Bill Pryor, Atty. Gen., and Cedric B. Colvin, Asst. Atty. Gen., for Respondent.
Prior report: Ala.Cr.App., 687 So.2d 233 and 689 So.2d 1012.
PER CURIAM.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, BUTTS, and SEE, JJ., concur.
COOK, J., concurs specially.
COOK, Justice (concurring specially).
I concur in the quashing of this writ. However, I believe this case presents the same constitutional questions I discussed in my special concurrence in Ex parte Knowles, 689 So.2d 832 (Ala.1997). As in Knowles, the constitutional issues were not raised at trial and were not presented on appeal. However, the core question exists: Whether a statute that permits a felony conviction based on an act of simple negligence encroaches on due process as guaranteed under the United States and Alabama Constitutions.
On January 15, 1994, Cathy Beck was traveling east on Covington County Road 42 as Travis Lawson and his wife and daughter, Cathy and Christy Lawson, were travelling in two separate vehicles in the opposite direction. Travis Lawson travelled in a vehicle in front of Cathy and Christy's vehicle. Beck states that her vehicle ran off the right side of the road and that she then lost control of it. Her vehicle came back onto the roadway, crossing the middle line of the roadway, sideswiping Travis Lawson's vehicle, and crashing head-on into Cathy Lawson's vehicle. Cathy and Christy were both killed. A criminal investigator, James E. Beamon, testified that during his investigation Beck stated that she had experienced steering problems just before the accident and that she believed that she crossed over into the oncoming lane of traffic because of those problems. There was no evidence presented to suggest that Beck had previously experienced any difficulty with the steering mechanism. Beck was convicted of two counts of homicide by vehicle, violations of Ala.Code 1975, § 32-5A-192, and was sentenced to three years' imprisonment on each count, those sentences to run concurrently.
For the reasons expressed in my special concurrence in Ex parte Knowles, I have serious questions as to whether the application of Ala.Code 1975, § 32-5A-192, to the facts of this case comports with due process.