689 So.2d 832 (1997)
Ex parte Willie Joe KNOWLES.
(Re Willie Joe Knowles v. State).
1940721.
Supreme Court of Alabama.
March 14, 1997.
Steve A. Baccus and Henry F. Sherrod III of Almon, McAlister & Baccus, L.L.C. Tuscumbia, for petitioner.
Bill Pryor, Atty. Gen., and Yvonne A.H. Saxon, Asst. Atty. Gen., for respondent.
Prior report: Ala.Cr.App., 668 So.2d 931.
*833 PER CURIAM.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, BUTTS, and SEE, JJ., concur.
COOK, J., concurs specially.
COOK, Justice (concurring specially).
I concur in the quashing of this petition, but I write specially to express my concern that a statute that punishes an act of simple negligence as a felony raises serious constitutional questions. I voted to grant the certiorari petition of Willie Joe Knowles, to examine whether he had properly preserved for review a challenge to the constitutionality of his conviction under Ala.Code 1975, § 32-5A-192. Stated differently, I thought we should consider whether Knowles's conviction under § 32-5A-192, based on acts that constitute no more than simple negligence, violates the right to due process guaranteed by the United States and Alabama Constitutions. Although Knowles raised the constitutional issues on appeal, it appears that his motion for a directed verdict made at the close of the state's case did not specifically challenge the constitutionality of the act.
Knowles, who was 63 years old at the time of sentencing and who had no prior arrests or convictions, was convicted of two counts of vehicular homicide and was sentenced to five years in prison. Serious questions exist as to whether § 32-5A-192, which imposes incarceration in the penitentiary in the absence of a culpable mental state by a defendant, passes constitutional muster.
In pertinent part, § 32-5A-192 states:
"(a) Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle... or to the regulation of traffic ... shall be guilty of homicide when the violation is the proximate cause of the death."
(Emphasis added.)
The facts of this case are as follows: Willie Joe Knowles travelled along Triple Hill Road in Winston County, approaching County Road 41. Triple Hill Road intersects with County Road 41, thereby forming a "T"; vehicles approaching County Road 41 have a stop sign and must turn either left or right onto County Road 41. As Knowles approached County Road 41 and stopped at the stop sign, his view was obstructed by trees and bushes to the south. Knowles proceeded up to the intersection, looked both ways, and did not see any vehicles approaching. When Knowles proceeded into the intersection, his truck stalled and rolled back. He restarted the truck and again looked both ways and saw no cars approaching. Knowles then proceeded into the intersection, and was struck by a liquid propane truck travelling north. The driver of the propane truck turned the wheel to the left, thereby causing the propane truck to roll over several times and land on top of a van travelling south on County Road 41. Two people in the van were killed.
It is clear from the record that the most the evidence shows in this case is simple negligence. In actuality, the only evidence of negligence constituting the unlawful conduct that allowed this case to go to the jury was evidence regarding a demonstration conducted by a deputy sheriff and a state trooper. In that demonstration, a sheriff's patrol car was parked at the intersection of County Road 41 and Triple Hill Road and the state trooper proceeded north up County Road 41 until he was able to see the patrol car. The state trooper measured the distance of the line of vision to be approximately 500 feet, the inference being that a reasonably prudent driver should have seen the propane truck before pulling into the intersection.
Knowles testified that his vision was obstructed by trees and bushes once he approached the stop sign at County Road 41; therefore, he said he had to proceed up to the highway in order to attempt to see down the road. The testimony of the driver of the propane truck supported that of Knowles. The driver testified that by the time Knowles came into his vision, it was too late to avoid the accident. The driver stated, "From my field of vision where I did get to where I could see the truck, it was rolling ... it was a bad place there, too. You can't really see. When I came around there I was right there *834 on him when he was coming out." (Emphasis added.) (R.T. 56-7).
Although it is a close question, there were sufficient facts to submit the case to the jury on the question whether Knowles had violated Ala.Code 1975, § 32-5A-112, by failing to yield the right-of-way. Section 32-5A-112(b) provides:
"(b) ... After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways."
Section § 32-5A-8 makes failing to yield the right-of-way a misdemeanor punishable by a fine of no more than $100 or no more than 10 days' imprisonment. Section 32-5A-8 provides:
" (a) It is a misdemeanor for any person to violate any of the provisions of this chapter or of Title 32, unless such violation is by this chapter or other law of this state declared to be a felony.
"(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided, shall for a first conviction thereof be punished by a fine of not more than $100.00 or by imprisonment for not more than 10 days; for conviction of a second offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $200.00 or by imprisonment for not more than 30 days or by both such fine and imprisonment; for conviction of a third or subsequent offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $500.00 or by imprisonment for not more than three months or by both such fine and imprisonment."
Alabama Constitution of 1901, Art. I, § 6, provides in part that "[no person shall] be deprived of life, liberty, or property, except by due process of law." (Emphasis added.) The applicability of § 32-5A-192 to this vehicular accident raises this issue: Given the constitutional guarantee of due process, what level or degree of culpable conduct is necessary before a person can be imprisoned pursuant to this statute?
In pertinent part, Ala.Code 1975, § 13A-2-4(b), provides:
" Although no culpable mental state is expressly designated in a statute defining an offense, an appropriate culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, states a crime of mental culpability."
(Emphasis added.)
As stated in § 13A-2-4(b), a statute creating a criminal offense, except a strict liability statute, requires a culpable mental state. Subjecting nonculpable simple negligent conduct to criminal penalties as severe as those provided in § 32-5A192, without requiring a culpable mental state, raises serious constitutional questions. The fact that pertinent provisions of the Alabama Code regarding homicide all require some type of culpable conduct on the part of the defendant supports my position that § 32-5A-192 poses constitutional questions. See Ala.Code 1975, § 13A-6-2 (murder); § 13A-6-3 (manslaughter); § 13A-6-4 (criminally negligent homicide).
The Alabama Criminal Code defines the following four words relating to culpable mental states:
"(1) INTENTIONALLY. A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his purpose is to cause that result or to engage in that conduct.
"(2) KNOWINGLY. A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of that nature or that the circumstance exists.
"(3) RECKLESSLY. A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and *835 consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates a risk but is unaware thereof solely by reason of voluntary intoxication, as defined in subdivision (e)(2) of Section 13A-3-2, acts recklessly with respect thereto.
"(4) CRIMINAL NEGLIGENCE. A person acts with criminal negligence with respect to a result or to a circumstance which is defined by statute as an offense when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation. A court or jury may consider statutes or ordinances regulating the defendant's conduct as bearing upon the question of criminal negligence."
Ala.Code 1975, § 13A-2-2.
Knowles's conduct in this case, which amounts to nothing more than simple negligence, does not rise to the level of any culpable mental state defined in § 13A-2-2. There is no evidence that Knowles purposely pulled onto County Road 41 in front of the propane truck; no evidence that he was aware that an accident could occur; no evidence that he consciously disregarded a "substantial and unjustifiable" risk that an accident would occur; and no evidence that he failed to perceive an unjustifiable risk that the accident would occur given that his view was obstructed. There also exists no evidence to refute the evidence that Knowles stopped and looked twice both ways down County Road 41 before entering the road the first time as he approached County Road 41 and the second time after his car stalled. Clearly, Knowles exhibited no culpable mental state required for him to be found criminally liable under § 32-5A-192.
Felony imprisonment pursuant to § 32-5A-192, based on the facts presented by this case, poses important constitutional questions due to be addressed in a correctly postured case, in that Rule 32 review is not foreclosed. See Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982) (United States Supreme Court reversed the death sentence of an accomplice in a robbery because of an absence of intent to kill).[1] Likewise, criminal felony liability for a homicide imposed in the absence of criminal intent is constitutionally suspect. "Legislative power to impose criminal sanctions to any conduct is restrained by the constitutional command that no person can be deprived of life, liberty, or property, except by due process of law. (Emphasis added.)" Smith v. People, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959); See Alabama Const. of 1901, Art. I, § 6. Although this case does not answer the question raised by Knowles's situation, I remain concerned that this statute, which imposes criminal felony sanctions for an act of simple negligence, encroaches on due process.
NOTES
[1] The United States Supreme Court required that the defendant's culpable conduct be focused upon, by stating the following:

"American criminal law has long considered a defendant's intentionand therefore his moral guiltto be critical to `the degree of [his] criminal culpability,' and the Court has found criminal penalties to be unconstitutionally excessive in the absence of intentional wrongdoing...."
(Emphasis added.) Ex parte Murry, 455 So.2d 72 (Ala.1984), citing Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982).