Mickey Wayne Burnett was convicted of a violation of § 32-5A-192, Ala. Code 1975, arising from his operation of a motor vehicle in excess of the speed limit. His speeding caused him to lose control and collide with an oncoming vehicle; three occupants of that vehicle were killed. The Court of Criminal Appeals affirmed his conviction. Burnett v. State,807 So.2d 573 (Ala.Crim.App. 1999). We granted Burnett's petition for certiorari review; in that petition, Burnett asserted that the vehicular-homicide statute is unconstitutional in that it punishes as a felony conduct lacking any culpable mental state. His due-process argument is grounded upon a discussion in Morissette v. United States,342 U.S. 246 (1952), considering the extent of guilty mind necessary under certain federal statutes.
We have this same day decided Ex parte Edwards, [Ms. 1991502, January 12, 2001] ___ So.2d ___ (Ala. 2001), in which this Court held that the vehicular-homicide statute did not state an offense of strict liability and that the court should instruct the jury on one of the culpable mental states set forth in the Criminal Code at § 13A-2-2 (the mental states exhibited by persons acting "knowingly," "recklessly," or in a "criminally negligen[t]" manner) if the evidence before the Court supports such an instruction. The ruling in Edwards makes unnecessary any analysis at this stage of the proceedings of any constitutional infirmity Burnett has alleged. Edwards rejects the reasoning of the Court of Criminal Appeals on this question and formally establishes a new rule, overruling any contrary rule. The reasoning in Edwards applies to Burnett's case, since it was on direct review when Edwards was announced, even though Burnett did not at trial object to the court's giving jury instructions that did not require the jury to find in Burnett's action any element of mental state. See Ex parte Beavers,598 So.2d 1320, 1324 (Ala. 1992). We therefore reverse the judgment of the Court of Criminal Appeals and remand this case for an order or proceedings not inconsistent with the rule announced in Edwards.
REVERSED AND REMANDED.
Hooper, C.J., and Houston and Lyons, JJ., concur.
Johnstone, J., concurs specially.
See, J., concurs in the result.
Maddox and Brown, JJ., dissent. *Page 588