On Remand from the Alabama Supreme Court
In accordance with the Alabama Supreme Court's decision in Ex parteBurnett, 807 So.2d 586 (Ala. 2001), we reverse the trial court's judgment and remand this case to the trial court for proceedings that are consistent with the Alabama Supreme Court's opinion in Ex parte Edwards, [Ms. 1991502, January 12, 2001] ___ So.2d ___ (Ala. 2001). In so doing, we note the following. In Ex parte Edwards, the Alabama Supreme Court stated, "An indictment under § 32-5A-192(b) should charge an appropriate mental state based on § 13A-2-2(2) to (4)." ___ So.2d at ___. Because the indictment in this case did not charge such a mental state, based on Ex parte Edwards, we conclude that it was *Page 589 
void. Furthermore, in this case, the Alabama Supreme Court did not render a judgment in favor of the appellant like it did in Ex parte Edwards. Therefore, it appears that, on remand, the State can reindict the appellant for vehicular homicide using the language set forth in Ex parteEdwards.
REVERSED AND REMANDED.
McMillan, P.J., and Shaw and Wise, JJ., concur; Cobb, J., dissents, with opinion.