The appellant appeals from his conviction for vehicular homicide, a violation of § 32-5A-192(b), Ala. Code 1975, entered on his guilty plea. After entering a "best interest" plea, he was sentenced to three years' imprisonment; that sentence was suspended and he was placed on two years' probation.
The appellant contends that the State presented insufficient evidence to sustain his conviction. More particularly, he contends that the evidence did not establish the appropriate mens rea required by the vehicular homicide statute. The appellant was charged only with vehicular homicide.
Additionally, he argues that § 32-5A-192, Ala. Code 1975, imposes felony sanctions in the absence of a culpable mental state, and that § 32-5A-192, Ala. Code 1975, violates the Equal Protection Clause of the Sixth Amendment and Article I, § 6, of the Alabama Constitution of 1901 because, he says, it "does not correctly inform the accused, the courts, nor the jury of the proper elements of the vehicular homicide statute including the necessary scienter or degree of criminal intent required to commit that crime."
Finally, the appellant argues that § 32-5A-192, Ala. Code 1975, violates his right to equal protection under both the federal and state constitutions "by classifying defendants charged with criminally negligent homicide differently from those charged with vehicular homicide, including lesser punishments, simply based upon the fact that a vehicle was involved."
In Ex parte Edwards, 816 So.2d 98 (Ala. 2001), the Alabama Supreme Court reversed our judgment and rendered a judgment for Edwards because the indictment was fatally defective with respect to the charge of vehicular homicide. In Edwards, the Court stated that "[a]n indictment under § 32-5A-192(b) [, Ala. Code 1975,] should charge an appropriate mental state based on § 13A-2-2(2) to (4)." Moreover, because the appellant was acquitted on the manslaughter and the criminal-negligence charges, he was effectively acquitted of vehicular homicide, and, therefore, the trial court erred in denying her motion for a judgment of acquittal. See Ex parte Rice, 766 So.2d 143, 147
(Ala. 1999). *Page 958 
In Ex parte Burnett, 807 So.2d 586 (Ala. 2001), the Alabama Supreme Court addressed issues identical to those raised in Edwards, but reversed our judgment and remanded the case for further proceedings consistent with that opinion on grounds that the jury in Burnett
did not make any findings as to any charged offense other than vehicular homicide. Because the Supreme Court, in Burnett, did not render a judgment in favor of the appellant, as it did in Ex parte Edwards, this Court, on remand from the Alabama Supreme Court, held that the State can reindict the appellant for vehicular homicide using the language set forth in Ex parte Edwards, supra. See Burnett v. State,807 So.2d 588 (Ala.Crim.App. 2001).
As in Ex parte Edwards and Ex parte Burnett, the indictment in the instant case did not charge a mental state, and is, therefore, fatally defective with respect to the vehicular-homicide charge; hence, the indictment is void. See Rule 13.2(a), Ala.R.Crim.P. An indictment that fails to sufficiently inform a defendant of a common understanding of the offense charged is void under established Alabama caselaw and it confers no jurisdiction on the circuit court to enter a judgment of conviction. See, e.g., Barnett v. State, supra, citing Barbee v. State, 417 So.2d 611
(Ala.Crim.App. 1982). Based on the rationale of Edwards and Burnett, the trial court never acquired jurisdiction to accept the appellant's guilty plea and to enter a judgment of conviction thereon. See also Pless v.State, 805 So.2d 778 (Ala.Crim.App. 2001). Because there has been no adjudication in this case regarding the sufficiency of the evidence to support the appellant's vehicular-homicide charge, the State can, however, reindict the appellant for vehicular homicide using the language set forth in Ex parte Edwards, supra.
This Court pretermits discussion of the appellant's remaining two issues: whether the stipulation of facts on which the guilty plea was based was insufficient as a matter of law to support the appellant's conviction for vehicular homicide and whether the vehicular homicide statute is unconstitutional (an issue that was not resolved by the Supreme Court in Ex parte Edwards, and Ex parte Burnett).
The judgment is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Baschab, Shaw, and Wise, JJ., concur. Cobb, J., concurs in part and dissents in part, with opinion.