I agree that Chatman's conviction must be reversed because the indictment did not charge a mental state and was, therefore, fatally defective and void. I disagree with the majority's determination that the State can reindict Chatman for vehicular homicide using the language set forth in Ex parte Edwards, 816 So.2d 98 (Ala. 2001).
As I stated in a previous dissent, allowing the State to prosecute a case following a reversal based on a void indictment "violates the spirit of, if not the technical terms of, the prohibition against double jeopardy." Burnett v. State, 807 So.2d 588, 590 (Ala.Crim.App. 2001), opinion on return to remand, (Cobb, J., dissenting). The Double Jeopardy Clause protects an individual from being subjected to trial and possible conviction more than once for an offense. It also serves to prevent the prosecution "from having two bites at the same apple."Lindley v. State, 728 So.2d 1153, 1159 (Ala. 1998) (Almon, J., *Page 959 
concurring in part and dissenting in part). Permitting the State to reindict Chatman after convicting him based on a void indictment will, in fact, give the State a second bite at the same apple.
The majority relies on Ex parte Edwards, supra, and Ex parte Burnett,807 So.2d 586 (Ala. 2001). The Alabama Supreme Court, in both cases, avoided analysis of the constitutionality of the vehicular homicide statute, § 32-5A-192, Ala. Code 1975, even though the issue was squarely presented. In my second dissent in Burnett, I urged the Chief Justice to order transfer of the case pursuant to §12-3-14, Ala. Code (1975), for a determination of the constitutionality issue. Burnett v. State, 807 So.2d 588, 589
(Ala.Crim.App. 2001) (opinion on remand) (Cobb, J., dissenting). Alternatively, I urged this court to take the opportunity to clarify the issue. Id. By declining to address the merits of this issue and by allowing further prosecutions to continue under this statute, the Alabama Supreme Court and a majority of this court have implicitly indicated that they find that the statute is constitutional.
I continue to believe that "the vehicular homicide statute, as it is currently written, violates the basic due process of law guaranteed to every citizen by the United States Constitution and the Alabama Constitution of 1901." Burnett v. State, 807 So.2d 573, 583
(Ala.Crim.App. 1999) (Cobb, J., dissenting). Therefore, I dissent from the portion of the opinion remanding the cause for further proceedings. The judgment should be reversed and a judgment rendered for Chatman.
 *Page 266