BASCHAB, Presiding Judge.
 

 The appellant, Billy Jack Danner, was convicted of vehicular homicide, a violation of § 32-5A-192(a), Ala.Code 1975. The trial court sentenced him to serve a term of five years in prison, but split the sentence and ordered him to serve six months
 
 *571
 
 followed by three years on supervised probation. The appellant did not file any post-trial motions. This appeal followed.
 

 The appellant argues that the trial court erroneously denied his motion to dismiss the indictment against him because it did not allege an appropriate mental state. He also argues that the trial court erred when it did not instruct the jury that it had to find beyond a reasonable doubt that he acted with the appropriate mental state. (Issues II and III in the appellant’s brief.) The indictment alleged that the appellant
 

 “did, unlawfully and unintentionally cause the death of HALEY ROSS, a passenger in the car driven by [the appellant] by causing the vehicle operated by the said [appellant] to collide with a vehicle driven by Kim Gill, while the said defendant was engaged in the violation of a State law applying to the operation or use of a vehicle, to-wit: by crossing the center lane of travel and driving on the wrong side of the roadway and striking the vehicle driven by Kim Gill, and such violation was the proximate cause of death of HALEY ROSS, in violation of § 32-5A-192 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
 

 (C.R. 8.)
 

 “In
 
 Ex parte Edwards,
 
 816 So.2d 98 (Ala.2001), the Alabama Supreme Court reversed our judgment and rendered a judgment for Edwards because the indictment was fatally defective with respect to the charge of vehicular homicide. In
 
 Edwards,
 
 the Court stated that ‘[a]n indictment under § S2-5A-192(b)[, Ala.Code 1975,] should charge an appropriate mental state based on § 13A-2-2(2) to (4).’ Moreover, because the appellant was acquitted on the manslaughter and the criminal-negligence charges, he was effectively acquitted of vehicular homicide, and, therefore, the trial court erred in denying her motion for a judgment of acquittal. See
 
 Ex parte Rice,
 
 766 So.2d 143, 147 (Ala.1999).
 

 “In
 
 Ex parte Burnett,
 
 807 So.2d 586 (Ala.2001), the Alabama Supreme Court addressed issues identical to those raised in
 
 Edwards,
 
 but reversed our judgment and remanded the case for further proceedings consistent with that opinion on grounds that the jury in
 
 Burnett
 
 did not make any findings as to any charged offense other than vehicular homicide. Because the Supreme Court, in
 
 Burnett,
 
 did not render a judgment in favor of the appellant, as it did in
 
 Ex parte Edwards,
 
 this Court, on remand from the Alabama Supreme Court, held that the State can reindict the appellant for vehicular homicide using the language set forth in
 
 Ex parte Edwards,
 
 supra. See
 
 Burnett v. State,
 
 807 So.2d 588 (Ala.Crim.App.2001).
 

 “As in
 
 Ex parte Edwards
 
 and
 
 Ex parte Burnett,
 
 the indictment in the instant ease did not charge a mental state, and is, therefore, fatally defective with respect to the vehicular-homicide charge; hence, the indictment is void. See Rule 13.2(a), Ala. R.Crim. P.”
 

 Chatman v. State,
 
 813 So.2d 956, 957-58 (Ala.Crim.App.2001).
 

 The indictment against the appellant did not allege any of the mental states set forth in § 13A-2-2(2)-(4), Ala.Code 1975. Therefore, the indictment was void.
 
 See Ex parte Edwards,
 
 supra;
 
 Ex parte Burnett,
 
 supra;
 
 Ex parte Chatman,
 
 supra. Nevertheless, we have recognized that a trial court may amend an indictment through its jury instructions to include the appropriate mental state.
 
 See Sullens v. State,
 
 878 So.2d 1216 (Ala.Crim.App.2003). Therefore, we must examine the trial court’s jury instructions regarding the offense of vehicular homicide.
 

 
 *572
 
 In this case, the trial court instructed the jury as follows:
 

 “A person commits the crime of vehicular homicide if he unlawfully and unintentionally causes the death of another person while engaged in the violation of any state law applying to the operation or use of a vehicle, if the violation of the state law is the approximate cause of the death of that person.
 

 “To convict, the State of Alabama must prove beyond a reasonable doubt each of the following elements of the offense of vehicular homicide: That the victim Haley Ross is dead, that the defendant Billy Jack Danner unlawfully and unintentionally caused the death of Haley Ross by the use of a motor vehicle, that the defendant Billy Jack Dan-ner was engaged in a violation of state law Alabama law applying to the operation of his motor vehicle, that the act which was the proximate — that that act, the violation of state law, was the proximate cause of the death of Haley Ross.
 

 “Now, the proximate cause of a death of a person is that cause which in the ... probable sequence of events and without the intervention of any new or independent cause, produces the injury and without which the injury would not have occurred.
 

 “A person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of that nature or that the circumstance exists.
 

 “A person acts recklessly with respect to conduct or to a circumstance when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists.
 

 “A person acts with criminal negligence with respect to a result or to a circumstance when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists.
 

 “If you find from the evidence that the State of Alabama has proved beyond a reasonable doubt each of the elements of the offense of vehicular homicide as charged then you shall find the defendant guilty of the offense of vehicular homicide. If you find that the State of Alabama has failed to prove beyond a reasonable doubt, any one or more elements of the offense of vehicular homicide then you cannot find the defendant guilty of the offense of vehicular homicide. It would be your duty [to] find the defendant not guilty.”
 

 (R. 227-29.)
 

 Although the trial court instructed the jury on the various mental states set forth in § 13A — 2—2(2)—(4), Ala.Code 1975, it did not explain how those mental states related to the offense of vehicular homicide. Also, the trial court did not instruct the jury that the mental states set forth in § 13A-2-2(2)-(4), Ala.Code 1975, constituted elements of the offense of vehicular homicide or that it must find that the State had proved the existence of one of those mental states beyond a reasonable doubt. Therefore, the trial court’s instructions regarding the offense of vehicular homicide were not adequate to amend the indictment to charge an appropriate mental state.
 

 For the above-stated reasons, the indictment against the appellant was void, and the trial court did not amend the indictment through its jury instructions. Therefore, we must reverse the appellant’s conviction and sentence for vehicular homicide. However, because the jury did
 
 *573
 
 not make any findings as to any offense other than vehicular homicide, the State may reindict the appellant for vehicular homicide using the language set forth in
 
 Ex parte Edwards,
 
 816 So.2d 98 (Ala.2001). Accordingly, we reverse the trial court’s judgment and remand this case for proceedings that are consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 McMILLAN, SHAW, WISE, and WELCH, JJ, concur.