WOODALL, Justice.
On August 4, 2005, A.L.L. was operating a motor vehicle at a speed exceeding the posted limit. The vehicle left the roadway and struck a tree. One passenger in the vehicle, Montez Kelly, was killed, and another passenger, Michael Grace, was injured.
A.L.L. was indicted for vehicular homicide, a violation of § 32-5A-192, Ala.Code 1975, and for assault in the second degree, a violation of § 13A-6-21, Ala.Code 1975. A.L.L. applied for and was granted youthful-offender status. After a bench trial, the trial court adjudicated A.L.L. a youthful offender on the basis of the underlying charges of vehicular homicide and second-degree assault. He was sentenced to concurrent three-year terms in the community-corrections program and ordered to serve six consecutive weekends in jail and to perform community service. A.L.L. appealed.
The Court of Criminal Appeals reversed the judgment of the trial court and remanded the case for further proceedings. A.L.L. v. State, 42 So.3d 138 (Ala. Crim. App.2008). The Court of Criminal Appeals reversed the trial court’s adjudication of A.L.L. as a youthful offender based on the underlying charge of vehicular homicide, without prejudice to his reindictment. Further, it reversed its adjudication of A.L.L. as a youthful offender based on the underlying charge of second-degree assault and remanded the case for the trial court to adjudicate him based on an underlying offense of third-degree assault. We granted the State’s petition seeking certio-rari review of the judgment of the Court of Criminal Appeals insofar as it reversed the judgment of the trial court adjudicating A.L.L. a youthful offender based on the underlying charge of vehicular homicide. We reverse that portion of the judgment of the Court of Criminal Appeals and remand the case for the entry of a judgment consistent with this opinion.
In the trial court, A.L.L. moved to dismiss the vehicular-homicide count of his indictment, arguing that the failure to allege as part of that count a culpable mental state rendered the count fatally defective. The trial court denied the motion, and the Court of Criminal Appeals held that the trial court erred in doing so. The Court of Criminal Appeals explained, in pertinent part:
“Count I of the indictment alleged:
*148 “‘ON OR ABOUT AUGUST 4, 2005, ONE [A.L.L.], DID UNLAWFULLY AND UNINTENTIONALLY CAUSE THE DEATH OF ANOTHER PERSON WHILE ENGAGED IN THE VIOLATION OF ANY STATE LAW OR MUNICIPAL ORDINANCE APPLYING TO THE OPERATION OR USE OF A VEHICLE, TO-WIT: SPEEDING, AND SAID VIOLATION IS THE PROXIMATE CAUSE OF DEATH, IN VIOLATION OF SECTION 32-5A-192 OF THE CODE OF ALABAMA.’
“(C. 12; capitalization in original.)
“Section 32-5A-192(a), Ala.Code 1975, provides:
“ ‘(a) Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle, or vessel, as defined in Section 33-5-3, or to the regulation of traffic or boating, shall be guilty of homicide when the violation is the proximate cause of the death.’
“Although § 32-5A-192 does not include a mens rea element, in Ex parte Edwards, 816 So.2d 98 (Ala.2001), the Alabama Supreme Court held that vehicular homicide was not a strict-liability crime, but required a mens rea other than intentionally, specifically, either knowingly, recklessly, or negligently under § 13A-2-2(2), (3), or (4), Ala.Code 1975, respectively. The Court also noted that an indictment charging vehicular homicide should include a mens rea element.
“In Chatman v. State, 813 So.2d 956 (Ala.Crim.App.2001), this Court followed Ex parte Edwards and reversed Chapman’s guilty-plea conviction for vehicular homicide on the ground that the indictment was defective for not charging a culpable mental state; we explained:
“ ‘In Ex parte Edwards, 816 So.2d 98 (Ala.2001), The Alabama Supreme Court reversed our judgment and rendered a judgment for Edwards because the indictment was fatally defective with respect to the charge of vehicular homicide. In Edwards, the Court stated that “[a]n indictment under § 32-5A-192[ (a), Ala.Code 1975,] should charge an appropriate mental state based on § 13A-2-2(2) to (4).” Moreover, because the appellant was acquitted on the manslaúghter and the criminal-negligence'; charges, [s]he was effectively acquittéd of vehicular homicide, and, therefore, the trial court erred in denying her motion for a judgment of acquittal. See Ex parte Rice, 766 So.2d 143, 147 (Ala.1999).
“ ‘In Ex parte Burnett, 807 So.2d 586 (Ala.2001), the Alabama Supreme Court addressed issues identical to those raised in Edwards, but reversed our judgment and remanded the case for further proceedings consistent with that opinion on grounds that the jury in Burnett did not make any findings as to any charged offense other than vehicular homicide. Because the Supreme Court, in Burnett, did not render a judgment in favor of the appellant, as it did in Ex parte Edwards, this Court, on remand from the Alabama Supreme Court, held that the State can reindict the appellant for vehicular homicide using the language set forth in Ex parte Edwards, supra. See Burnett v. State, 807 So.2d 588 (Ala.Crim.App.2001).
“ ‘As in Ex parte Edwards, and Ex parte Burnett, the indictment in the instant case did not charge a mental state, and is, therefore, fatally defec *149 tive with respect to the vehicular-homicide charge.... Because there has been no adjudication in this case regarding the sufficiency of the evidence to support the appellant’s vehicular-homicide charge, the State can, however, reindict the appellant for vehicular homicide using the language set forth in Ex parte Edwards, supra.’
“813 So.2d at 957-58 (emphasis added in [A.L.L.]).
“We recognize that this Court has, in some circumstances, upheld indictments that did not charge a mens rea element, finding in those cases that the indictments sufficiently apprised the defendants of the nature of the charges against them. See Sullens v. State, 878 So.2d 1216 (Ala.Crim.App.2003), and the cases cited therein. However, none of those cases dealt with the vehicular-homicide statute, and this Court did not overrule Chatman in those opinions. Therefore, Chatman is controlling in this case.
“Based on our holding in Chatman, we are compelled to reverse A.L.L.’s adjudication as a youthful offender based on the underlying charge of vehicular homicide. However, as in Chat-man, the State can reindict A.L.L. for vehicular homicide ‘using the language set forth in Ex parte Edwards, supra.’ Chatman, 813 So.2d at 958.”
A.L.L., 42 So.3d at 141-42. The Court of Criminal Appeals has misconstrued this Court’s holding in Ex parte Edwards, 816 So.2d 98 (Ala.2001).
In Edwards, “this Court held that the vehicular-homicide statute did not state an offense of strict liability and that the court should instruct the jury on one of the culpable mental states set forth in the Criminal Code at § 13A-2-2 (the mental states exhibited by persons acting ‘knowingly,’ ‘recklessly,’ or in a ‘criminally negli-gen[t]’ manner) if the evidence before the [c]ourt supports such an instruction.” Ex parte Burnett, 807 So.2d 586, 587 (Ala.2001). In other words, this Court construed the word “unintentionally” as used in § 32-5A-192(a) “to refer to all forms of mens rea except that described by the word ‘intentional.’ ” Edwards, 816 So.2d at 107.
In Edwards, this Court stated that “[a]n indictment under § 32-5A-192[ (a) ] should charge an appropriate mental state based on § 13A-2-2(2) to (4).” 816 So.2d at 109 (emphasis added). However, although “Edwards’s indictment did not describe a necessary mental state and the court refused her request for an instruction on a culpable mental state,” id., we did not premise our holding on either of those failures. Instead, we rendered a judgment of acquittal “[b]ecause Edwards [had been] acquitted of both manslaughter (ruling out recklessness) and criminal negligence.” Id.
Soon after our decision in Edwards, the Court of Criminal Appeals, seizing upon our statement that an indictment for vehicular homicide should charge an appropriate mental state, held that an “indictment [that] did not charge such a mental state ... was void.” Burnett v. State, 807 So.2d 588, 589 (Ala.Crim.App.2001). In so holding, the Court of Criminal Appeals misconstrued our holding in Edwards. As already stated in this opinion, our holding in Edwards was not based on any deficiency in Edwards’s indictment, and we certainly did not hold that the indictment was void. Indeed, at the time of our decision in Edwards, an indictment that failed to state an essential element of the charged offense did not invoke the subject-matter jurisdiction of the trial court to render judgment and impose sentence. See, e.g., Ex parte Lewis, 811 So.2d 485 (Ala.2001), overruled, Ex parte Seymour, 946 So.2d 536 (Ala. *150 2006). Thus, our holding in Edwards that “the [trial] court should have granted Edwards’s ... motion for a judgment of acquittal,” 816 So.2d at 109, clearly indicated that the failure of the indictment to charge an appropriate mental state had not deprived the trial court of subject-matter jurisdiction over the vehicular-homicide charge. As the Court of Criminal Appeals has correctly acknowledged, “ ‘Edwards stands for the proposition that the trial court could have cured the [omission of a culpable mental state from the] indictment in its instructions to the jury.’ ” Sullens v. State, 878 So.2d 1216, 1228 (Ala.Crim.App. 2003) (quoting appellant’s brief).
In reversing the trial court’s adjudication of A.L.L. as a youthful offender on the underlying vehicular-homicide charge, the Court of Criminal Appeals stated that it was compelled to reverse that adjudication based on its holding in Chatman v. State, 813 So.2d 956 (Ala.Crim.App.2001). In Chatman, the Court of Criminal Appeals stated that this Court, in Edwards, had “rendered a judgment for Edwards because the indictment was fatally defective with respect to the charge of vehicular homicide.” 813 So.2d at 957. However, as already twice stated in this opinion, our holding in Edwards was not based on any defect in Edwards’s indictment. Based upon its misconstruction of Edwards, the Court of Criminal Appeals held that Chat-man’s indictment was void, because, that court reasoned, it “did not charge a mental state, and [was], therefore, fatally defective with respect to the vehicular-homicide charge.” 813 So.2d at 958. Although the Court of Criminal Appeals in Chatman acknowledged our holding in Edwards that “the trial court erred in denying [Edwards’s] motion for a judgment of acquittal,” 813 So.2d at 957, and itself held that a void indictment confers no jurisdiction on the trial court, it made no attempt to explain how this Court could have rendered a judgment of acquittal for Edwards if his indictment was, in fact, void.
A.L.L.’s indictment substantially followed the language of § 32-5A-192(a). It was “a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged ....” Rule 13.2(a), Ala. R.Crim. P. The vehicular-homicide indictment clearly “ ‘ “ ‘apprise[d] [A.L.L.] with a reasonable certainty of the nature of the accusation against him so that he [could] prepare his defense and plead the judgment of conviction as a bar to any subsequent prosecution for the same offense.’ ” ’ ” Shouldis v. State, 953 So.2d 1275, 1283 (Ala.Crim.App.2006) (quoting Moore v. State, 697 So.2d 800, 802 (Ala.Crim.App.1996), quoting in turn other cases). Had A.L.L. felt that additional details concerning the alleged offense were needed, he could have made a motion for a more definite statement. See Rule 13.2(e), Ala. R.Crim. P. Under these circumstance, the absence of a mens rea averment in the indictment did not render the indictment fatally defective or void. See Sullens, supra (holding that the trial court did not err in denying the defendants’ motion to dismiss indictments charging them with shooting into an occupied vehicle when the indictments tracked the language of the applicable statute, but did not allege any culpable mental state), and the cases cited therein.
For these reasons, we reverse the judgment of the Court of Criminal Appeals insofar as that court reversed the judgment of the trial court adjudicating A.L.L. a youthful offender based on the underlying charge of vehicular homicide, and we remand the case to the Court of Criminal Appeals for the entry of a judgment consistent with this opinion. Furthermore, we overrule Chatman v. State, 813 So.2d 956 (Ala.Crim.App.2001), and Burnett v. *151 State, 807 So.2d 588 (Ala.Crim.App.2001), because in those opinions the Court of Criminal Appeals misconstrues the holdings and statements of this Court in Edwards.
REVERSED AND REMANDED.
LYONS, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and MURDOCK, J., dissent.
SHAW, J., recuses himself.*