41 So.3d 54 (2009)
Ex parte Kelly Lynn MILLER.
(In re Kelly Lynn Miller v. State of Alabama).
1080782.
Supreme Court of Alabama.
December 18, 2009.
Ralph L. Armstrong, Bessemer, for petitioner.
Submitted on petitioner's brief only.
PARKER, Justice.
WRIT DENIED. NO OPINION.
*55 LYONS, WOODALL, STUART, SMITH, BOLIN, and SHAW, JJ., concur.
COBB, C.J., and MURDOCK, J., dissent.[*]
COBB, Chief Justice (dissenting).
I respectfully dissent. On January 13, 2009, Kelly Lynn Miller was indicted for vehicular homicide, a violation of § 32-5A-192, Ala.Code 1975. The indictment issued by the grand jury did not include the necessary element of mens rea. See § 13A-2-4(b), Ala.Code 1975; Ex parte Edwards 816 So.2d 98, 101 (Ala.2001) ("A statute creating a criminal offense, with the exception of a strict-liability statute, requires a culpable mental state."). Miller pleaded guilty and was sentenced to five years in prison. When she entered her guilty plea, Miller stated on the record her intention to reserve the right to appeal the constitutionality of § 32-5A192 as applied to her case.[1] On appeal to the Court of Criminal Appeals, Miller argued, among other things, that the vehicular-homicide statute is unconstitutional as applied to her and, further, that the initial indictment charging her with vehicular homicide was void because it failed to include all the necessary elements of the crime. In its unpublished memorandum affirming the judgment of the trial court, the Court of Criminal Appeals held that Miller had not preserved these issues for review. A basis for the Court of Criminal Appeals' decision was this Court's decision in Ex parte Seymour, 946 So.2d 536 (Ala.2006), in which this Court overturned long-settled precedent and held that the failure to allege an essential element of an offense in an indictment is not a jurisdictional defect.[2]Ex parte Seymour was wrongly decided, as noted in my dissent in A.L.L. v. State, [Ms. 1080395, August 21, 2009] ___ So.3d ___, ___ (Ala.2009) (Cobb, C.J., dissenting), and as further discussed by Justice Murdock in his dissent in the same case, ___ So.3d at ___ (Murdock, J., dissenting). Because I believe Ex parte Seymour was wrongly decided, I do not agree that the failure to obtain an adverse ruling precludes review of whether the indictment was fatally flawed because it was missing a necessary element of the offense.
Moreover, to the extent that § 32-5A-192 is applied in this case to criminalize purely negligent conduct, such an application of the statute is constitutionally defective and cannot vest a court in this State with the authority to impose a criminal sanction.
"As stated in § 13A-2-4(b), a statute creating a criminal offense, except a strict liability statute, requires a culpable mental state. Subjecting nonculpable simple negligent conduct to criminal penalties as severe as those provided in *56 § 32-5A-192, without requiring a culpable mental state, raises serious constitutional questions."
Ex parte Knowles, 689 So.2d 832, 834 (Ala. 1997)(Cook, J., concurring specially). See also Edwards, supra. The lack of subject-matter jurisdiction arising from the constitutionally defective application of a criminal statute is not subject to waiver.
"Subject matter jurisdiction is conferred by statute and/or rule and may not be waived. See Hamilton v. State, 828 So.2d 957, 959-60 (Ala.Crim.App. 2002) (noting that `"[t]he lack of subject matter jurisdiction is not waivable and may be raised at any time by the suggestion of a party or by a court ex mero motu." Greco v. Thyssen Mining Constr., Inc., 500 So.2d 1143, 1146 (Ala. Civ.App.1986)')."
Smith v. State, 918 So.2d 141, 155 (Ala. Crim.App.2005) (Baschab, J., concurring in the result).
I look forward to a time when the members of this Court will take a fresh look at Alabama's vehicular-homicide statute and do what should have been done for Mickey Wayne Burnett. See Burnett v. State, 807 So.2d 573, 580-85 (Ala.Crim.App.1999) (Cobb, J., dissenting). Until that time, or until the legislature repairs the statute by selecting a culpable mental state for the crime of vehicular homicide, I feel compelled to dissent.
MURDOCK, J., concurs.
NOTES
[*] Note from the reporter of decisions: When the order denying certiorari review was issued in this case on December 18, 2009, Chief Justice Cobb's written dissent was not attached to the order. Her dissent was released on January 14, 2010.
[1] Before entering a guilty plea, Miller filed a motion to dismiss the indictment on grounds that the vehicular-homicide statute was unconstitutional as applied to her. The trial court did not rule on her motion.
[2] "This Court has held that `[a] valid indictment is the source of the subject matter jurisdiction to try a contested criminal case.' Ash v. State, 843 So.2d 213, 216 (Ala.2002). Although Ash is a recent decision, similar language can be found in opinions dating back, in at least one case, more than a century. Butler v. State, 130 Ala. 127, 30 So. 338 (1901); see also Kyser v. State, 22 Ala.App. 431, 117 So. 157 (1928). Alabama law has not always been clear as to which defects will invalidate an indictment, but this Court has expressly held that `[f]ailure to allege an essential element of the charged offense is a jurisdictional defect....' Ex parte Lewis, 811 So.2d 485, 487 (Ala.2001)." Ex parte Seymour, 946 So.2d at 537-38.