COBB, Chief Justice
(dissenting).
The petitioner, Johnny Luke, asserts that his indictment was defective and that the alleged defects were jurisdictional. In making this argument, Luke contends that this Court should overrule Ex parte Seymour, 946 So.2d 536 (Ala.2006), in which this Court, overturned settled precedent and held that the failure to allege an essential element of an offense in an indictment is not a jurisdictional defect. Ex parte Seymour was wrongly decided, as noted in my dissent in A.L.L. v. State, 42 So.3d 146, 153 (Ala.2009) (Cobb, C.J., dissenting), and as further discussed by Justice Murdock in his dissent in the same case, 42 So.3d at 157 (Murdock, J., dissenting). See also Ex parte Miller, 41 So.3d 54, 55 (Ala.2009) (Cobb, C.J., dissenting). “Seymour’s, most glaring defect is that it abrogates an express provision of the Alabama Constitution: ‘No person shall for any indictable offense be proceeded against criminally by information.... ’ Ala. Const.1901, Art. I, § 8.” A.L.L., 42 So.3d at 153 n. 5 (Cobb, C.J., dissenting). I believe this Court should grant the writ in this case and revisit Ex parte Seymour.